UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFREY WAKEFIELD,

                Petitioner,

v.                                  Case No. 3:05-cv-204-J-20HTS

JAMES V. CROSBY, etc.;
et al.,

                Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Jeffrey Wakefield, who is represented by counsel, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on March 7, 2005. Petitioner challenges a 2001 state court (Duval County, Florida) judgment of conviction for second degree murder on the following grounds: (1) ineffective assistance of counsel for advising Petitioner that he would have been convicted for second degree murder if he had proceeded to trial; (2) ineffective assistance of counsel for failing to move to suppress Petitioner's confession; and, (3) ineffective assistance of counsel for failing to advise Petitioner he could move to withdraw his plea as involuntary.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #8).[1] (hereinafter Motion to Dismiss). Petitioner, through counsel, has addressed the one-year period of limitation and has responded to Respondents' Motion to Dismiss. See Petitioner's Response to Court Order Regarding Timeliness (Doc. #6); Petitioner's Response to Motion to Dismiss (Doc. #10).

On December 14, 2000, Petitioner Wakefield was charged, by Indictment, with first degree murder and aggravated child abuse in the death of a young child. Ex. H at 51-52. Petitioner was represented by Alan Chipperfield, an Assistant Public Defender. On June 1, 2001, Petitioner pled guilty to the lesser offense of second degree murder. Ex. G at 57-58. At the June 1, 2001, plea hearing, the agreement and its terms were discussed; a factual basis for the plea was set forth by the prosecutor; and, Petitioner was sentenced to fifty (50) years of incarceration. Id. at 59-83; see http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website).

---

[1] The Court will hereinafter refer to Respondents' exhibits as "Ex."

3

No direct appeal was taken within the thirty-day time period, in which to appeal. The parties agree that Petitioner's conviction became final Monday, July 2, 2001 (thirty days after the judgment and sentence were entered). Further, the parties agree that the one-year period of limitation began to run the next day on July 3, 2001. This was <u>after</u> the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year to file the federal petition (July 3, 2002). His Petition, filed in this Court on March 7, 2005, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

The one-year period of limitation began on July 3, 2001, and ran for **364 days** until Petitioner Wakefield, proceeding *pro se*, on July 3, 2002, filed a petition for a writ of habeas corpus in the state appellate court, requesting a belated appeal.[2] Ex. B. Specifically, he alleged that he requested his counsel (Alan Chipperfield) file a notice of appeal and he failed to do so. <u>Id</u>. The appellate court ordered an evidentiary hearing on the petition, and a special master was appointed to take testimony. Ex. D; Ex. E. Petitioner was represented by counsel at the evidentiary hearing. The special master found Mr. Alan Chipperfield's

---

[2] The Court will give Petitioner the benefit of the mailbox rule with respect to any *pro se* state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d). <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). Petitioner's counsel filed the Petition in this Court.

4

testimony to be more credible than the documentary evidence of Petitioner. Ex. E at 3. Further, the special master found that "Petitioner was informed of his appeal right by Mr. Chipperfield and that neither Petitioner, nor his mother, timely requested that Mr. Chipperfield file a notice of appeal on his behalf, as Petitioner alleged in the instant petition." Id. at 4. Therefore, the special master recommended that Petitioner's petition for a belated appeal be denied. Id. On February 20, 2003, the appellate court per curiam denied the petition for a belated appeal. Ex. F; Wakefield v. State, 838 So.2d 1153 (Fla. 1st DCA 2003).

Petitioner is entitled to the benefit of the ninety-day time period to file a petition for certiorari with the Supreme Court of the United States. However, Petitioner filed a Rule 3.850 motion before the expiration of the ninety-day period to seek such review in the Supreme Court of the United States (May 21, 2003). Thus, tolling of the one-year period of limitation continues.

On April 2, 2003, Petitioner, through counsel, filed a Rule 3.850 motion for post conviction relief. Ex. G. An evidentiary hearing was conducted. On July 17, 2003, and thereafter on August 29, 2003, the trial court entered two orders denying relief. Id. at 48, 49. Petitioner appealed, and appellate briefs were filed. Ex. I; Ex. J; Ex. K. On December 14, 2004, the appellate court per

5

curiam affirmed. Ex. L; Wakefield v. State, 889 So.2d 77 (Fla. 1st DCA 2004). The mandate issued on December 30, 2004.[3] Ex. M.

The one-year period of limitation began to run again on December 31, 2004, and ran for over two (2) months until Petitioner, through counsel, filed a Petition in this Court on March 7, 2005.

Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Petitioner has not shown any reason why the dictates of the one-year limitation period should not be imposed upon him. Although the limitation period may be equitably tolled on grounds apart from those specified in the habeas statute when extraordinary circumstances are present, Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam), reh'g and suggestion for reh'g en banc denied, 207 F.3d 666 (11th Cir. 2000), Petitioner has failed to allege the existence of any circumstances which would warrant an equitable tolling of the one-year period of limitation. Moreover, a thorough review of the record in this case fails to indicate the presence of

---

[3] Although Petitioner's counsel contends that Petitioner is entitled to the benefit of the ninety-day time period to file a petition for certiorari with the Supreme Court of the United States, he is not entitled to that time following the denial of collateral relief in the state courts. See Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), reh'g and suggestion for reh'g en banc denied, 239 F.3d 371 (11th Cir. 2000); Coates v. Byrd, 211 F.3d 1225 (11th Cir. 2000), cert. denied, 531 U.S. 1166 (2001).

"extraordinary circumstances" so as to justify an equitable tolling of the limitation period.[4]

Thus, this Court will grant Respondents' Motion to Dismiss (Doc. #8) and dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #8) is **GRANTED**, and the Petition (Doc. #1) is hereby **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___ day of June, 2005.

UNITED STATES DISTRICT JUDGE

---

[4] Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 125 S.Ct. 1571 (2005). The Eleventh Circuit has emphasized that equitable tolling applies only in truly extraordinary circumstances and is typically applied sparingly. Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004). The burden of establishing entitlement to this extraordinary remedy rests with the Petitioner. Id. (citation omitted).

sc 6/7
c:
John S. Mills, Esquire
Ass't Attorney General (Hill)

8